UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20569-CR-LENARD/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW DAVID MARSHALL,

    Defendant.
_____/

### ORDER GRANTING *ORE TENUS* MOTIONS TO AMEND MOTION TO SUPPRESS AND FOR CONTINUATION OF EVIDENTIARY HEARING

An evidentiary hearing on Defendant's Motion to Suppress Evidence (DE ## 47, 55) commenced on February 19, 2008. The Honorable Joan A. Lenard, United States District Judge, has referred this motions to the undersigned United States Magistrate Judge (DE #51). The motion challenges the validity of the search warrant which authorized the search of Defendant's boat and storage unit on the grounds that the Affidavit contained certain false statements. During the course of the hearing, Defendant sought a continuance of the hearing to permit him to obtain certain additional evidence, and to amend his motion to claim that additional statements were false and that there were certain material omissions with respect to other statements contained in the Affidavit.

Specifically, Defendant sought leave to supplement the hearing with an exhibit that would show the cover of The Anarchist's Cookbook to be different than the book described on the witness stand by Officer Kennedy (which was included in the Affidavit in ¶¶ 26, 28 and 30), and to have an expert examine the inert pineapple grenade to determine that it was incapable of emitting a spark when the firing pin was pulled, which

Officer Kennedy and Special Agent Viegas testified that they saw (which was included in the Affidavit in ¶ 27). In addition, Defendant sought time to obtain and admit certain e-mails contained in his computer which he contends that government has not yet provided in discovery.

In addition, Defendant sought to add the following allegedly false statements and omissions as a basis to invalidate the search warrant, which are stated below in summary form:

1. The safety fuse referred to throughout the Affidavit was not a prohibited item, and the false statement that the item obtained by Defendant was the "safety fuse" listed on the Explosive Materials List promulgated by ATF, was made with reckless disregard for the actual legality of the item purchased by Defendant. In addition, he purchased the item through e-bay rather than from Mojo Pyrotechnics, as described in ¶ 16 of the Affidavit.

2. Attachment A to the Affidavit is a photograph of a live Rifle Grenade which is inflammatory and does not reflect the inert Rifle Grenade which is described in ¶ 14 of the Affidavit.

3. The omission of a May 25, 2007 posting by Mr. Marshall on the Dinnerkey.com website (contained in Deft. Ex. 1), as well as the omission of various e-mails, made the postings described in ¶ 11 misleading.

The government requested additional time to respond to the new allegations, and requested that its examination of the case agent be delayed until a continued hearing.

The undersigned has determined that it is appropriate to permit Defendant the opportunity to have his firearms expert examine the grenade, and to permit the government to do so if it so chooses, especially since there is a direct conflict in the

testimony of the government agents and Gary Silvernail, the witness presented by Mr. Marshall.  In addition, the testimony of Officer Kennedy regarding the book he saw on the vessel and his vague comments about the book to Special Agent Gaskins (which apparently form the basis for the more direct averment in the Affidavit in ¶ 26), makes it appropriate to permit defendant to introduce a copy of the cover of <u>The Anarchist's Cookbook</u>, if he can obtain one.

In addition, it is appropriate to permit the government to investigate and prepare to address the newly alleged false statements; in particular the claim that Agent Gaskins acted in reckless disregard for the fact that the 1/8 inch cannon fuse fireworks pyro safety fuse purchased by Mr. Marshall is not the same as the "safety fuse" that is prohibited under 18 U.S.C. § 842(a)(3)(A), which may require expert testimony.

Therefore, based upon a careful review of the record it is hereby

**ORDERED AND ADJUDGED** that Defendant's *Ore Tenus* Motion to Supplement His Motion to Suppress, as stated above, is **GRANTED**.   It is further

**ORDERED AND ADJUDGED** that the parties' Motion to Continue the Evidentiary Hearing to address the additional claims and evidence outlined above is granted.  The evidentiary hearing will continue on March 7, 2008 at 10:15 a.m. in Courtroom XI, 300 NE 1st Ave., Miami, FL 33128.

If any party has a conflict regarding the date or time of the hearing, that party shall coordinate with the other parties to find proposed alternative available dates.  This can be accomplished via a conference call to the chambers of the undersigned

Magistrate Judge. If the parties cannot agree, the party seeking to change the date shall file a motion with the Court.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 19, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Joan A. Lenard, United States District Judge
Counsel of record and Pro Se Defendant via CM/ECF