UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-20569-CR-LENARD/SIMONTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ANDREW DAVID MARSHALL,**

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR PAYMENT OF PAUL LASKA'S EXPERT FEES

Presently pending before the Court is Defendant's Motion For Payment of Paul Laska's Expert Fees (DE # 166).  This motion is referred to the undersigned Magistrate Judge (DE # 167).

Defendant seeks payment of $1,350.00 to Paul Laska, who testified as an expert witness on explosives for Defendant at Defendant's suppression hearing.  Defendant has attached to his motion a copy of Mr. Laska's invoice.  This amount represents nine hours of Mr. Laska's time at an hourly rate of $150.00, comprising two hours of research, four hours of in-court time and three hours of travel time.

The authorization and payment of expenses for expert witnesses and investigators is governed by Title 18, United States Code, Section 3006A(e), which provides:

> **(e) Services other than counsel.--**
> **(1) Upon request**.--Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in

connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

**(2) Without prior request.**--(A) Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $500 and expenses reasonably incurred.

(B) The court, or the United States magistrate judge (if the services were rendered in a case disposed of entirely before the United States magistrate judge), may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $500.

**(3) Maximum amounts.**--Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $1,600, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active circuit judge.

In a sealed order entered on January 29, 2008, the undersigned initially approved Mr. Marshall's request to hire an expert witness in connection with the issues presented in his motion to suppress. At that time, it appeared that one expert would be able to address issues presented at the suppression hearing concerning allegedly false statements in the Affidavit supporting the issuance of the search warrant with respect to the presence of destructive devices, as well as the issues regarding whether the silencers alleged in the Indictment were, in fact, prohibited silencers. However, during the course of the suppression hearing, the defendant advised the court that his initial

expert was not qualified to testify as to the matters that were present only in his challenge to the search warrant, and he requested permission to hire another expert he had located, as well as time for that expert to examine the challenged items. The undersigned verbally approved this request on the record during the hearing on March 18, 2008, and set a date and time for the expert's examination of the items and his testimony at the suppression hearing. Thereafter, Mr. Laska was retained.

The undersigned approves the requested hourly rate of $150.00 for expert witness Paul Laska, finding that the rate appears reasonable. The undersigned also approves the requested payment of $1,350.00 to Mr. Laska. This approval is based upon a review of his invoice; his testimony, including the investigation and examination he conducted, as well as his expertise; and, the record as a whole, taking into account other evidence in the record regarding rates charged by firearms experts. The required prior authorization was obtained, and the amount sought is within the limit permitted by the statute.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion For Payment of Paul Laska's Expert Fees (DE # 166), is **GRANTED**. The undersigned approves the requested hourly rate of $150.00 for expert witness Paul Laska. The undersigned also approves the payment of $1,350.00 to Mr. Laska in connection with his testimony at Defendant's

suppression hearing.

**DONE AND ORDERED** in chambers in Miami, Florida, on April 25, 2008.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Joan A. Lenard,
   United States District Judge
All counsel of record
Defendant Andrew David Marshall, pro se
   78814-004
   Federal Detention Center
   P.O. Box 019120
   Miami, FL 33101-9120