UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20569-CR-LENARD/SIMONTON

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ANDREW DAVID MARSHALL,

 Defendant.
_____/

### ORDER ON DEFENDANT'S MOTIONS TO SUBPOENA RECORDS

Presently pending before this Court are Defendant's Motion to Subpoena Email From Yahoo (DE # 157), Motion to Subpoena Video Records from FDC-Miami (DE # 156), and Motion to Subpoena Video Records from United States Marshal (DE # 158). The government has filed a Combined Response in opposition to these motions (DE # 171). The Honorable Joan A. Lenard, United States District Judge, has referred these motions to the undersigned Magistrate Judge.

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in a criminal case. A subpoena under this rule may require a witness to appear at trial, and to produce, before trial, any relevant documents that may be introduced at trial. The standards governing production before trial were set forth by the United States Supreme Court in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974):

> [T]he moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise reasonably procurable in advance of trial exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Rule 17(b) governs the issuance of subpoenas where a defendant is unable to pay

the witness fees.  This rule permits an indigent defendant, such as defendant Marshall in the case at bar, to file an ex parte application with the court, and expressly provides that the court must order that such a subpoena be issued "if the defendant shows ... the necessity of the witness's presence for an adequate defense."  The Eleventh Circuit has set forth the following guidelines to be used in determining whether to grant an indigent defendant's request for a subpoena under this rule:

> As a threshold matter, a defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony.  In exercising its discretion, the court may consider other factors pertaining to the prospective witnesses' testimony as well, including materiality, competency and the timeliness of the request.  The appellate courts have upheld the refusal of district courts to issue a Rule 17(b) subpoena where the request was untimely, the testimony sought was cumulative, or the defendant failed to make a satisfactory showing of indigency or *necessity*.

*United States v. Link*, 921 F.2d 1523, 1528 (11th Cir. 1991), *quoting United States v. Rinchack*, 820 F.2d 1557 (11th Cir. 1987) (internal citations omitted).  Thus, such requests are not automatically granted.

In the case at bar, the defendant seeks a court order to approve the issuance of three subpoenas.  First, he seeks to subpoena his email records from Yahoo regarding the worldsolutions@yahoo.com email account for all "inbox" and "sent" email records.  He contends that these records will help establish his innocence, counter character evidence the government may introduce at trial, and help establish the timeline of acts relating to the charges against him (DE # 157).  He also states that he has requested friends and his attorney to print out his email records, but they have not been able to do so, and that he does not have access to email while he is incarcerated at FDC.

Although his motion is vague with respect to specifically how these email records

are necessary for his defense, based upon the extensive pretrial hearings in this case, the undersigned concludes that he has sufficiently established the necessity for the issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these records to obviate the need for the appearance of the records custodian at trial. The defendant has stated that he has tried unsuccessfully to have his friends and attorneys retrieve these records; and, based upon the restrictions placed upon him due to his incarceration, he is not able to do so.  Moreover, the undersigned notes that the government has challenged the authenticity of certain records offered by the defendant during the course of the suppression hearing, and therefore the defendant has established a need for authenticated records; and the undersigned also notes that requiring the defendant to testify regarding authenticity of certain emails rather than obtain those documents through a records custodian may infringe upon his privilege against self-incrimination.

   With respect to the necessity for such a subpoena, the undersigned relies upon various arguments which have been advanced in connection with the pretrial hearings. The defendant is relying upon a statute of limitations defense regarding the charge of unlawfully manufacturing a firearm silencer and muffler, which is set forth in Count 1 of the Indictment, and the emails may contain evidence regarding the date of acquisition of the materials allegedly used for this purpose.  In addition, the defendant contends that the materials he acquired were not "intended for use in assembling or fabricating a firearm silencer" as defined in 921(a)(24), but were intended for other purposes, as corroborated by emails he sent and received prior to his indictment in this case (and at least arguably prior to the time he had a motive to fabricate his intention); thus, that he

3

did not have the requisite knowledge and intent with respect to the specific characteristics of the firearm as required under *Staples v. United States*, 511 U.S. 600 (1994). *See United States v. Moore*, 253 F.3d 607 (11th Cir. 2001). The undersigned notes that in the case at bar, there is no functional silencer involved; rather, the charged offenses are predicated upon component parts. Finally, the emails may be relevant to rebut the government's evidence of motive (*i.e.,* the defendant's displeasure with court and administrative rulings), to the extent the government adduces evidence of this at trial. The undersigned need not determine the ultimate admissibility of the records sought by the defendant; the records he obtains may well be excluded as inadmissible hearsay as argued by the government. Without seeing the documents a definitive ruling cannot be made. Based upon the record as whole, however, the undersigned concludes that the defendant has met his burden, and the request for such a subpoena should be granted. Stand-by counsel shall assist in the mechanics of obtaining service of the subpoena, and preparing the affidavit to authenticate the records pursuant to Federal Rule of Evidence 902(11).

      The other two subpoenas requested by the defendant are not relevant to his guilt or innocence of the charged offenses. Rather, he seeks to subpoena video recordings of his movements by the U.S. Marshal's Service and FDC which he contends will demonstrate his need for a wheelchair as an ADA accommodation while incarcerated at FDC, and for sentencing mitigation purposes since he contends the videos will show cruel and inhuman detention conditions during his pretrial incarceration. The undersigned concludes that the defendant has failed to establish the necessity for these subpoenas. They will not produce evidence relevant to his defense; and it is premature to seek evidence relating to sentencing. Moreover, to the extent that evidence of his

conditions of confinement are relevant to his sentencing, such evidence can be procured if and when he is convicted. Therefore, the requests for these two subpoenas is denied.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Subpoena Email From Yahoo (DE # 157) is **GRANTED**, and stand-by counsel shall assist in procuring and obtaining service of this subpoena. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Subpoena Video Records from FDC-Miami (DE # 156), and Motion to Subpoena Video Records from United States Marshal (DE # 158) are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 17, 2008.

*[signature]*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard, United States District Judge
Counsel of record and Pro Se Defendant via CM/ECF