UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20569-CR-Lenard/Garber

UNITED STATES OF AMERICA,

v.

ANDREW DAVID MARSHALL,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on the defendant's (1) Motion For Hybrid Representation [DE 337] and (2) Motion for Copies of Grand Jury Minutes [DE 347]. Each of said Motions were filed in violation of Local Rule 11.1(D)(4) of the Southern District of Florida which prohibits a party from acting on his own behalf where he is represented by counsel. Such filings reflect a total disregard by the defendant of his obligations to comply with all applicable rules. The Court, however, will consider said Motions on the merits.

## Motion for Hybrid Representation

The defendant, in his Motion, states *inter alia* that "[T]he end result of Marshall being represented by counsel is therefore prejudicial, as Marshall's capacity to file motions with the court and request discovery from the government is restricted now that he is represented by counsel."[1] Previously, in said Motion, the defendant acknowledged that "[T]here may be advantages to having Lewis as counsel but Marshall believes that he is willing to devote more time and effort representing himself *pro se* than is economically viable for an attorney paid a modest fee."

---

[1] Defendant's Motion for Hybrid Representation, at page 2.

The defendant is represented by able and competent counsel, Derek Lewis, Esquire, who has appeared before this Court at a motion hearing held on various motions filed by counsel and the defendant.  Mr. Lewis is totally capable of representing the defendant and filing motions that counsel deems to be necessary and appropriate.

Mr. Marshall, acting *pro se*, has filed numerous motions which were considered by the Court.  He has also shown a disregard for applicable rules regarding practice in this Court.  Defendant claims that government misconduct justifies his seeking hybrid representation.  No such misconduct by the government has been shown to this Court.

Representation by competent retained counsel is appropriate in this cause and certainly would not prejudice the defendant in any manner.  It would result in a more efficient management of this case.  It is the Court's judgment that hybrid representation is unnecessary and will result in a strain on the Court's ability to proceed in an efficient manner.

The defendant does not have a right to hybrid representation. *Cross v. United States*, 893 F2d. 1291-92 (11th Cir. 1990).  The allowance of hybrid representation is within the Court's discretion. *Cross*, at 1292.

Accordingly, and for the reasons set forth above, it is hereby

ORDERED that the defendant's Motion for Hybrid Representation is DENIED.

### Motion for Copies of Grand Jury Minutes

Federal Rule of Criminal Procedure 6(e)(3)(E) authorizes the Court to order the production of grand jury minutes under limited circumstances:

> **(E)** The Court may authorize disclosure–-at a time, in a manner, and subject to any other conditions that it directs--of a grand jury matter:
> (ii) at the request of a defendant **who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.**

Thus, the burden of showing the existence of such grounds is placed upon the defendant as the moving party.  The defendant claims that he has a particularized need for the grand jury minutes since he is facing serious charges.  He further states that [t]here is strong reason to believe that the Government misled or lied to the Grand Jury(s), and misrepresented the applicable law."[2]  Defendant has failed to set forth the basis for his beliefs and does not therefore satisfy the requirement for release of such grand jury minutes. In the absence of setting forth the basis for his beliefs, it is impossible for this Court to determine whether the defendant's need for the grand jury minutes outweighs the general policy of secrecy as to such minutes.

For the foregoing reasons and upon the Court's consideration of the record in this cause, it is hereby

ORDERED that the defendant's Motion for Copies of Grand Jury Minutes is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of October, 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

3

---

[2]Motion, at page 3.