UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20569-CR-LENARD/GARBER

UNITED STATES OF AMERICA,

v.

ANDREW MARSHALL,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* (D.E. 343)**

**THIS CAUSE** is before the Court on Defendant Andrew Marshall's Motion for Order *in Limine* ("Motion," D.E. 343), filed on September 18, 2009. The Government filed its response in opposition to Defendant's Motion ("Response," D.E. 350) on October 8, 2009. No reply was ever filed. Having considered the Motion, Response, related pleadings, and the record, the Court finds as follows.

**I.  Background**

On April 4, 2008, the Government file its Superseding Indictment ("Indictment," D.E. 155) charging Defendant with knowingly making a firearm without obtaining a license in violation of 26 U.S.C. § 5861(f) (Count 1), possessing unregistered firearms in violation of 26 U.S.C. § 5861(d) (Counts 2-3), and possessing firearms not identified by a serial number in violation of 26 U.S.C. § 5861(i) (Counts 4-5). The charges stem from items obtained from searches of the Defendant's public storage unit and sailboat that the Government contends are silencers or silencer components within the definition of "firearm" contained in 18 U.S.C.

§ 924(a)(24). These items include various "ported tubes," "spacers," "metal pipes," and "metal disks." The Government contends these items were intended to be silencer components.

## II.   Defendant's Motion *in Limine*

Defendant's Motion argues the Government should be precluded from introducing evidence of (1) internet postings made by the Defendant and (2) "inert military collectibles" seized during the searches of his public storage unit and sailboat. First, Defendant argues the Government should be precluded from introducing some approximately 200 pages of internet postings made by the Defendant on a website called dinnerkey.com. Defendant allegedly posted various political opinions, comments, and images on the website, which Defendant contends is a forum for certain "waterfront issues in the city of Coconut Grove." (Motion at 3.) Second, Defendant seeks to exclude evidence of "certain collectible military items and inert fuses" seized during federal agents' searches of his public storage unit and sailboat. (Id. at 4.) The Motion seeks to exclude such evidence under Rules 403 and 404(b) of the Federal Rules of Evidence.

In response, the Government states it does not intend to introduce evidence of Defendant's internet postings in its case-in-chief but states "those postings may become relevant, depending on the defense pursued or testimony submitted by Defendant." (Response at 1.) Next, the Government presumes Defendant is referring to various inert grenades, rifle grenades, and grenade launchers seized during the searches with regard to the

"inert military collectibles." (Id.) The Government argues that Defendant has put at issue whether the charged components were intended to be silencer components. Defendant has previously stated that the items were meant to be used for other purposes such as water filtration systems, scooter mufflers, or light fixtures. (Id. at 2; Motion at 4.) Thus, the Government believes evidence of the "inert military collectibles" is relevant to demonstrate intent and also relevant to demonstrate his knowledge, interest, and ability to manufacture or modify firearm components. (Response at 2.) The Government states that one of the inert grenades seized had been modified in a manner necessary to convert the grenade into a functional device. (Id.) Accordingly, the Government contends such evidence is highly probative and not unfairly prejudicial. With regard to Defendant's claim that Rule 404(b) precludes the evidence, the Government argues (1) it does not intend to introduce evidence that he "openly displayed weapons or explosives," (2) it is unaware of any prior convictions and thus has no intention of offering any such convictions into evidence, (3) the military items are not precluded because the evidence is probative of his intent and his possession is readily established by their seizure from his property.

**III.   Discussion**

Under Federal Rule of Evidence 403, the Court must balance whether evidence sought to be excluded is more prejudicial than probative. See United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992); United States v. Huppert, 917 F.2d 507 (11th Cir. 1990). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

> Rule 404(b) states:
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In order for evidence to be admissible under Rule 404(b), "(1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000)).

The Court finds evidence of inert military items such as inert grenades, rifle grenades, and grenade launchers, seized from Defendant's property should not be precluded under either Rule 403 or 404(b). As the Government points out, such evidence is highly probative of Defendant's knowledge, interest, and ability to manufacture and modify firearms. Such evidence is also probative as to his intent to manufacture and possess silencer components.

It also would not be admitted to prove Defendant's character and is not unfairly prejudicial. Furthermore, to the extent Rule 404(b) even applies, there would be sufficient proof to enable a jury to find Defendant possessed the military items. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Andrew Marshall's Motion for Order *in Limine* (D.E. 343), filed on September 18, 2009, is **DENIED**.[1]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of December, 2010.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent the Government has agreed not to introduce evidence of Defendant's internet postings or images of him displaying weapons, such issues are deemed moot.