UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-20569-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW DAVID MARSHALL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant's Fourth Motion to Revoke Amended Detention Order (DE# 437, 5/2/11). This matter was referred to the undersigned by the Honorable Joan A. Lenard in accordance with 28 U.S.C. § 636(b) (DE# 439, 5/3/11). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the Defendant's Fourth Motion to Revoke Amended Detention Order (DE# 437, 5/2/11) be **DENIED** for the reasons stated herein.

## BACKGROUND

The defendant has been charged by superceding indictment with making firearms without a license in violation of Title 26, United States Code, Section 5861(f), possessing unregistered firearms in violation of Title 26, United States Code, Section 5861(d) and possession of a firearm not identified by serial number in violation of Title 26, United States Code, Section 5861(i). See Superceding Indictment (DE# 155, 4/4/08). Following a detention hearing on July 12, 2007, the Honorable Chris McAliley issued an Order of Detention (DE# 7, 7/16/07) finding that "no condition or combination of conditions w[ould] reasonably assure the safety of other persons and the community

if the defendant [was] released on bond." Order of Detention (DE# 7 at 4, 7/16/07).

The defendant has filed numerous motions directed to the Order of Detention (DE# 7, 7/16/07).[1] Most recently, the defendant has filed Defendant's Fourth Motion to Revoke or Amend Detention Order (DE# 437, 5/2/11). The government filed a response on May 11, 2011. See United States' Response to Defendant's Fourth Motion to Revoke Pretrial Detention Order (DE# 444, 5/11/11). The defendant filed a reply on June 1, 2011. See Defendant's Reply to United States' Response to Defendant's 4th Motion to Revoke Pretrial Detention Order (DE# 451, 6/1/11). Trial in this matter is presently set for the two-week period commencing July 18, 2011. See Order Resetting Trial Date (DE# 448, 5/12/11).

## **ANALYSIS**

The defendant raises several objections to his pretrial detention. The defendant argues that he has been detained since July 6, 2007 and that "[p]retrial detention of this duration is a blatant violation of [the defendant]'s right to bail . . . ." Defendant's Fourth Motion to Revoke or Amend Detention Order (DE# 437 at 1, 5/2/11). The defendant further argues that the Court has "failed to conscientiously consider viable conditions whereby [the defendant] could be monitored" and that the government has withheld

---

[1] The defendant also filed a petition for writ of habeas corpus related to his pretrial detention in Case No. 10-24254-CIV-ALTONAGA. See Petition for Writ of Habeas Corpus (DE# 1 in Case No. 10-24254-CIV, 11/30/10). On December 15, 2010, United States Magistrate Judge Patrick A. White issued a Report of Magistrate Judge (DE# 5 in Case No. 10-24254-CIV, 12/15/10) recommending that the defendant's petition for writ of habeas corpus be dismissed with prejudice because the instant criminal action was ongoing. The Court adopted Judge White's recommendation and dismissed the habeas petition. See Order (DE# 6 in Case No. 10-24254-CIV, 12/16/10). After numerous objections, the defendant appealed the habeas case to the Eleventh Circuit. The defendant's appeal is presently pending in the Eleventh Circuit.

evidence negating its position that the defendant is a danger to the community. Id.

The government responds that the instant motion should be denied because "[t]he [d]efendant advanced those same arguments at his pretrial detention hearing, and in every motion on this issue since then. The Court should not reconsider arguments already rejected." United States' Response to Defendant's Fourth Motion to Revoke Pretrial Detention Order (DE# 444 at 2, 5/11/11). In his reply the defendant argues that his motion contains new arguments. Namely, that the defendant has been in custody for nearly four years which the defendant believes is longer[2] than the likely term of imprisonment the defendant would receive if he were convicted on all counts of the superceding indictment. See Defendant's Reply to United States' Response to Defendant's 4th Motion to Revoke Pretrial Detention Order (DE# 451 at 1, 6/1/11). The defendant further argues that the length of his pretrial detention is punitive and thereby violates the Fifth Amendment. Id.

"To determine if pretrial detention will become excessive, courts look to these factors: (1) its length, (2) the extent of the prosecution's responsibility for the delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based." United States v. Al-Arian, 280 F.Supp.2d 1345, 1347 (M.D. Fla. 2003) (citing United States v. El-Hage, 213 F.3d 74, 79 (2d Cir. 2000)). Here, the defendant has been detained for approximately 47 months. While this is a lengthy detainment period, the government is not responsible for the delay of the trial in this

---

[2] The undersigned does not express an opinion on the likely sentence the defendant would face if convicted on all counts of the superceding indictment but notes that each of the charged offenses carry a maximum penalty of ten years' imprisonment.

case. The defendant has made no less than 18 written or ore tenus motions to continue the trial in the instant case.[3] The undersigned further notes that this case will shortly be proceeding to trial. The defendant faces serious charges. The defendant has been charged with making firearms without a license in violation of Title 26, United States Code, Section 5861(f), possessing unregistered firearms in violation of Title 26, United States Code, Section 5861(d) and possession of a firearm not identified by serial number in violation of Title 26, United States Code, Section 5861(i) and faces a maximum penalty of 10 years' imprisonment for each of these offenses. See Superceding Indictment (DE# 155, 4/4/08). Finally, the undersigned has carefully reviewed Magistrate Judge McAliley's detailed and well-reasoned Order of Detention (DE# 7, 7/16/07) and finds no merit in the defendant's argument that the evidence was insufficient to support a finding of pretrial detention. Having considered the above factors, the undersigned recommends that the Defendant's Fourth Motion to Revoke or Amend Detention Order (DE# 437, 5/2/11) be denied.

The defendant also argues that the Court should consider his pro se status as grounds for pretrial release. The defendant states that his pretrial confinement prevents him from preparing for trial. This argument is without merit. The undersigned notes that criminal defendants routinely prepare pro se filings while detained. The numerous motions filed by the defendant in the instant case, many supported by case law or other legal authorities, suggests to the undersigned that the defendant has the ability to

---

[3] The undersigned notes that on one occasion, the defendant opposed the motion for continuance filed by his counsel. See Defendant Marshal's Objection to Continuance (DE# 36, 11/26/07). However, the majority of these continuances have been sought by the defendant.

adequately prepare for trial while detained in this matter.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Defendant's Fourth Motion to Revoke or Amend Detention Order (DE# 437, 5/2/11) be **DENIED** for the reasons stated herein. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **17th** day of June, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Andrew David Marshall
78814-004
MIAMI
Federal Detention Center
FEDERAL DETENTION CENTER
Inmate Mail/Parcels
P.O. BOX 019120
MIAMI, FL 33101-9120