UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20569-CR-LENARD

UNITED STATES OF AMERICA,

v.

ANDREW MARSHALL,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 459) AND DENYING DEFENDANT'S FOURTH MOTION TO REVOKE OR AMEND DETENTION ORDER (D.E. 437)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge John J. O'Sullivan ("Report," D.E. 459), issued on June 17, 2011. The Report recommends the Court deny Defendant Andrew Marshall's Fourth Motion to Revoke or Amend Detention Order ("Motion," D.E. 437).[1] On June 23, 2011, Defendant filed objections to the Report ("Objections," D.E. 464). Having considered the Report, Objections, Motion, related pleadings, and the record, the Court finds as follows.

    **I.**    **Background**

On April 4, 2008, the Government filed its Superseding Indictment ("Indictment," D.E. 155) charging Defendant with making a firearm without obtaining a license in violation of 26 U.S.C. § 5861(f) (Count 1), possessing unregistered firearms in violation of 26 U.S.C.

---

[1] The Government filed its response (D.E. 444) on May 11, 2011, to which Defendant filed his reply on June 1, 2011. Currently, Defendant is proceeding *pro se* with the assistance of stand-by counsel.

§ 5861(d) (Counts 2-3), and possessing firearms not identified by a serial number in violation of 26 U.S.C. § 5861(i) (Counts 4-5). The charges stem from items obtained from searches of the Defendant's public storage unit and sailboat that the Government contends are silencers or silencer components within the definition of "firearm" contained in 18 U.S.C. § 924(a)(24). These items include various "ported tubes," "spacers," "metal pipes," and "metal disks." The Government contends these items were intended to be silencer components.

On July 12, 2007, following a detention hearing, Magistrate Judge McAliley issued an Order of Detention (D.E. 7), finding that "no condition or combination of conditions [would] reasonably assure the safety of other persons and the community if [Defendant] [was] released on bond." As noted by Magistrate Judge O'Sullivan, Defendant has since filed several motions directed at his continued detention as well as a separate petition for writ of habeas corpus. On May 2, 2011, filed his fourth such motion.

In his Motion, Defendant contends that his pre-trial detention is unconstitutional and violates his right to bail. Specifically, Defendant argues that he is proceeding *pro se* which has been difficult, he has already been detained close to four years which is presumably longer than any sentence he would receive upon conviction, he is unable to prepare his defense for trial while detained, he was prevented from testifying at the pre-trial detention hearing, the Government is responsible for the delay, his detention is punitive, and "the evidence on which detention is based is not very strong." Thus, Defendant asks for his

release prior to trial. Trial is currently scheduled for July 26, 2011.

## II.     Report and Objections

The Report recommends denial of Defendant's Motion. While recognizing that Defendant has been detained for a lengthy period of 47 months, the Magistrate Judge also notes that the Government has not been responsible for the delay and Defendant himself has made no less than 18 written or *ore tenus* motions to continue the trial in this case. (Report at 4.) The Magistrate Judge also notes that Defendant has been charged with serious crimes and is set for trial very soon. Furthermore, the Magistrate Judge notes that sufficient evidence supported Magistrate Judge McAliley's detention order.

Defendant objects to the Report. Mostly reiterating his prior arguments, Defendant contends the Magistrate Judge failed to "acknowledge arguments and facts essential [sic] to the defense's position." (Objections at 1.) Defendant reiterates that prison staff have impeded his ability to prepare his case, that he believes his sentencing range would be less than 37 months of imprisonment, and that those charged with assisting him (i.e. stand-by counsel and investigators) have not performed the work he has directed them to do.

## III.    Discussion

After conducting a *de novo* review of the Magistrate Judge's Report and considering Defendant's Objections, the Court finds the Report should be adopted and the Motion denied. In evaluating whether pre-trial detention has become excessive, the Court must consider the length of detention, the reason for the delay, the gravity of the charges, and the strength of

evidence upon which detention was based. See United States v. El-Hage, 213 F.3d 74, 79 (2d Cir. 2000); United States v. Alvarez, 2006 U.S. Dist. LEXIS 78365 at *8 (S.D. Fla. 2006); United States v. Al-Arian, 280 F. Supp. 2d 1345, 1347 (M.D. Fla. 2003). While the length of Defendant's detention has been significant, Defendant has been responsible for the overwhelming majority of delay. Trial has been continued repeatedly upon Defendant's request. Defendant also faces very serious charges concerning the making and possession of firearms. Finally, Magistrate Judge McAliley's detention order was based upon sufficient evidence including evidence of Defendant's internet postings, purchase of items capable of producing destructive devices, and the presence of firearms and ammunition observed at Defendant's sailboat and storage locker. The detention order further notes that Defendant's residence on a sailboat and financial situation make effective supervision impossible. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

   **1.**   Consistent with this Order, the Report and Recommendation of the Magistrate Judge (D.E. 459), issued on June 17, 2011, is **ADOPTED**;

   **2.**   Defendant Andrew Marshall's Fourth Motion to Revoke or Amend Detention Order (D.E. 437), filed on May 2, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of July, 2011.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**