UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-20569-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ANDREW DAVID MARSHALL,
    Defendant.
_____/

### ORDER

THIS MATTER came before the Court on The Government's Motion for Reconsideration of the Court's Order Regarding Defendant's Request for Discovery [D.E. 433] (DE# 469, 7/1/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that The Government's Motion for Reconsideration of the Court's Order Regarding Defendant's Request for Discovery [D.E. 433] (DE# 469, 7/1/11) is **GRANTED in part and DENIED in part** for the reasons stated herein. The government shall provide the requested materials to the defendant on or before **the close of business on Friday, July 15, 2011.**[1]

### BACKGROUND

On April 11, 2011, the defendant filed a discovery motion seeking the production of certain documents from the government. See Defendant's Request for Discovery (DE# 433, 4/11/11). The government filed its response on May 11, 2011. See Government's Response to Defendant's Request for Discovery (DE# 433) (DE# 445, 5/11/11). The Court issued an Order granting in part and denying in part the plaintiff's discovery motion. See Order (DE# 458, 6/17/11). The government now seeks

---

[1] Trial in this matter is presently set for Monday, July 18, 2011. See Order Resetting Trial Date (DE# 448, 5/12/11).

reconsideration of the Court's Order (DE# 458) as it pertains to paragraphs 18 and 19 of the defendant's discovery motion. See The Government's Motion for Reconsideration of the Court's Order Regarding Defendant's Request for Discovery [D.E. 433] (DE# 469 at 1, 7/1/11). The Court provided the defendant with an opportunity to respond to the instant motion. See Order (DE# 470, 7/5/11). The defendant did not file a response.

## ANALYSIS

The government seeks reconsideration of the Court's Order (DE# 458) as it pertains to paragraphs 18 and 19 of the defendant's discovery motion. See The Government's Motion for Reconsideration of the Court's Order Regarding Defendant's Request for Discovery [D.E. 433] (DE# 469 at 1, 7/1/11). The government asks that it not be ordered to produce the information requested in paragraphs 18 and 19 of the defendant's discovery motion on the grounds that "the information . . . is not discoverable under the Federal Rules of Criminal Procedure 16 or in light of Brady v. Maryland, 373 U.S. 83 (1963)." Id. at 2. The Court will address each paragraph in turn.

**A.     Paragraph 18**

In paragraph 18 of his discovery motion, the defendant sought:

> 18. A copy of the training video Thomas A. Busey (former Chief of the National Firearms Act Branch of the BATF) presented to BATF headquarters personnel during a roll call training session on October ]8, 1995, wherein Busey comments on the inaccuracy of the National Firearms Registration and Transfer Record.

Defendant's Request for Discovery (DE# 433, 4/11/11). The government responded to this discovery request as follows:

> This video is not evidence in this case. The government does not intend to use this video in trial. To the extent the defendant believes the video

2

contains exculpatory information reference the accuracy of the National Firearms Registration and Transfer Record, he is aware of same as he made the request. The government request additional time in order to respond to this request. The undersigned is not in possession of the video requested and does not know whether the video is discoverable.

Government's Response to Defendant's Request for Discovery (DE# 433) (DE# 445 at 2, 5/11/11). The Court ruled "that in response to paragraph 18, the government shall provide any portions of the video that contain exculpatory information including any comment on the inaccuracy of the National Firearms Registration and Transfer Record." Order (DE# 458 at 2, 6/17/11).

The government now seeks reconsideration of the Court's prior ruling. The government asks that it not be required to produce items or records in response to paragraph 18 because it is not discoverable and it is not exculpatory. See The Government's Motion for Reconsideration of the Court's Order Regarding Defendant's Request for Discovery [D.E. 433] (DE# 469 at 2, 7/1/11). Specifically, the government argues that:

> Mr. Busey's video-recorded comments, of which Defendant seeks a copy, are not exculpatory, are irrelevant, and are not discoverable under Rule 16. Defendant was indicted for illegal conduct occurring between July 2005 and July 2007. See Superseding Indictment (DE# 155). **Mr. Busey's comments therefore have no bearing on the state of the NFRTR's accuracy during the times that Defendant engaged in the criminal conduct that is the subject of this prosecution. Mr. Busey's comments also are inadmissible hearsay. Moreover, Defendant is able to obtain a copy of the video-recorded comments by using a subpoena duces tecum to YouTube which currently hosts the video.**

Id. at 3. The government further argues that the video "is not discoverable under Rule 16(a)(1)(E)(i), because Defendant's defense is not that he did register his silencers." Id.

The government's request for reconsideration of the Court's ruling as to

3

paragraph 18 of the defendant's discovery motion is **DENIED**. The government relies on United States v. Montgomery, 998 F.2d 1014, 1993 WL 277177, at *5-6 (5th Cir. July 19, 1993).[2] In Montgomery, the defendant argued that "the government was required by the Brady rule to disclose that the BATF records regarding registration [we]re incomplete." Id. at * 5. The Fifth Circuit disagreed stating that because the defendant "admitted that he did not register the firearms, information regarding defects in the national firearms records was not material to the question of his guilt or innocence." Id. at *6. Montgomery is distinguishable from the instant case because it involved a post-conviction challenge. Here, the defendant had made a pretrial discovery request. The undersigned is also not persuaded by the government's admissibility argument. The admissibility of this evidence is to be determined by the District Court. The government shall provide the video to the defendant in accordance with this Order.

**B.     Paragraph 19**

In paragraph 19 of his discovery motion, the defendant sought:

> 19. Any memorandum or records concerning the incompleteness or inaccuracy of the National Firearm Registration and Transfer Record, for the years 1970 to present, including any memorandum or records related to Senator Birch Bayh' s October 15, 1979 letter to former ATF Director G.R. Dickerson, as well as minutes of meetings, statistical studies, and correspondence concerning the problem.

Defendant's Request for Discovery (DE# 433, 4/11/11). The government did not properly address paragraph 19. The government's response to paragraph 19 was the same as its response to paragraph 18. Government's Response to Defendant's Request for Discovery (DE# 433) (DE# 445 at 2, 5/11/11). The Court ruled that "in

---

[2] Montgomery is an unpublished opinion.

response to paragraph 19, the government shall provide records regarding the inaccuracy of the National Firearms Registration and Transfer Record." Order (DE# 458 at 2, 6/17/11).

The government argues that it should not be required to respond to paragraph 19 of the defendant's discovery motion because:

> Defendant asks for records dating back to 1970. Yet, the criminal conduct that is the subject of this case occurred between July 2005 and July 2007. Records pertaining to the state of the NFRTR at any other time are on their face irrelevant to this case, not "material to preparing the defense," and accordingly not discoverable under Rule 16(a)(1)(E)(i).

The Government's Motion for Reconsideration of the Court's Order Regarding Defendant's Request for Discovery [D.E. 433] (DE# 469 at 4, 7/1/11).

The government's request for reconsideration of the Court's ruling as to paragraph 19 of the defendant's discovery motion is **GRANTED in part and DENIED in part**. Brady extends to the government's ability to prove all elements of the alleged crime. The government shall provide records regarding the inaccuracy of the National Firearms Registration and Transfer Record from 2005 to the present.

DONE AND ORDERED, in Chambers, at Miami, Florida this 12 day of July, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Andrew David Marshall
78814-004
MIAMI
Federal Detention Center
FEDERAL DETENTION CENTER
Inmate Mail/Parcels
P.O. BOX 019120
MIAMI, FL 33101-9120